PIERRE DENSEREAU *vs.* ELZEAR J. SAILLANT.

PROVIDENCE—MARCH 20, 1901.

PRESENT: Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *New Trial. Accident and Mistake. Attorney and Client.*

Where a petitioner shows that he had a probably good defence to an action, and that through the failure of his attorney to appear the case was defaulted, the court grant a new trial on condition of the re-entry of the case within a time limited, and the payment of costs and counsel fees to be irrecoverable.

ASSUMPSIT. The facts are stated in the opinion. Heard on petition of defendant for a new trial on the ground of accident and mistake. New trial granted on conditions.

ROGERS, J. This is a petition for a new trial in an action originally brought by the respondent against the petitioner in the Eleventh Judicial District Court, and thence to the Common Pleas Division of this court on claim for a jury trial, wherein the plaintiff obtained judgment in the Common Pleas Division against the defendant by default, the defendant having been called and defaulted November 16, 1900, damages having been assessed and decision rendered for $297.50 on November 24th, and judgment for said amount and costs having been entered December 3, 1900.

Affidavits offered by the petitioner showed that he had a probably good defence, that he employed and relied upon an attorney of this court to attend to the case, and that through the failure of such attorney to appear the case was defaulted.

(1)    The counsel for the petitioner, who, however, was not his
counsel at the time of the default, urges the hardship of visit-
ing upon his client the loss of rights, that a trial would pro-
tect, because of his trusting too implicitly a sworn officer of
the court who is held out as a proper person to be employed
and trusted in the management of law business such as the
petitioner had and was incompetent to manage himself.

There is force in that contention, and great leniency has been
shown in this State in such cases.    *Donnelly* v. *McAdams*,
13 Atl. Rep. 108.    While, however, affording relief to one
party, we must see that the other does not suffer; and if
through the gross negligence of his attorney the petitioner is
put to unnecessary expense in getting a trial, he has a rem-
edy by action for the loss caused him through such negli-
gence.    *Forrow* v. *Arnold*, 22 R. I. 305.

The petition for a new trial is granted on condition that
the petitioner re-enter said case in the Common Pleas Divis-
ion on or before the first day of April, 1901, and that the
defendant in that case (being the petitioner here) pay the
costs of said action to date, not already paid by him, and the
costs of this petition, with a counsel fee of $15.00, the same
to be paid prior to the re-entry and to be irrecoverable in
any event.

*J. C. Collins, Jr.*, for petitioner.
*Frank H. Bellin*, for respondent.